The American Railway Express Co. *v.* Armburgy.

*Justice of peace—Judgments—Failure to docket within limitation —Section 10378, General Code—Injunction.*

The enforcement of a judgment of a justice of the peace will be enjoined under favor of Section 10378, General Code, which provides that the judgment must be entered on the docket within four days after the trial, where the transcript of the record of the justice's docket discloses that the judgment was entered more than four days after the evidence was heard and the case argued by counsel, and the entry of the judgment also reciting "to which entry defendants excepts because entered after four days from trial."

(Decided November 22, 1921.)

Appeal: Court of Appeals for Butler county.

*Messrs. Palmer & Elliott,* for plaintiff.
*Mr. Clinton D. Boyd,* for defendant.

By the Court. Plaintiff seeks an injunction against the defendant to restrain him from enforcing an alleged judgment entered on the docket of T. B. Mathews, justice of the peace in and for Lemon township, Butler county, Ohio, rendered in favor of the plaintiff and against the defendant.

The ground upon which the injunction is sought is that the judgment is a nullity by reason of having

been entered on the docket of the justice of the peace more than four days after the trial thereof. Section 10378, General Code, provides:

"In other cases, it shall be entered either at the close of the trial, or if the justice then desires further time to consider, on or by the fourth day thereafter, both days inclusive."

The only question then is: Was the judgment complained of entered on or by the fourth day after the trial? This question is determined from the transcript of the record of the justice's docket. The transcript of the justice's docket shows the following entries:

"June 20, 1919. The parties appeared and evidence heard from defendant and plaintiff and Clifford Elliott desiring to be heard in argument the cause was continued indefinitely:

"July 22, 1919. The parties appeared and was argued by counsel July 1st, 1919, for both parties and the court thereupon orders and delivers that the plaintiff recover from the defendant the sum of $75.00 and costs taxed at $6.10 to which entry defendants excepts because entered after four days from trial.

"T. B. MATHEWS, J. P."

It is clear from these entries that the judgment was not entered on or by the fourth day after the trial. This conclusion is further supported by the entries on the docket as shown by the transcript to the effect that on July 12, 1919, the defendant appeared and requested the court to date an appeal bond back to within ten days from the date of the trial, that the plaintiff objected, and that the court refused the request; and, further, that on July 19, 1919, the defendant, American Railway Express

Company, moved dismissal of the case for the reason that the judgment was not entered on or by the fourth day after the trial, showing conclusively that the trial had been had prior to July 12.

The injunction will be allowed as prayed for.

*Injunction allowed.*

HAMILTON, P. J., CUSHING and BUCHWALTER, JJ., concur.