ROBINSON v. RILEY ET AL.

*Forcible entry and detainer—Injunction—Judgment not entered by justice within four days after trial—Section 10378, General Code, applies—Sections 10447 to 10461, General Code, not self-sufficient—Other Justices' Code provisions apply to forcible entry cases.*

1. Article I of the Act of March 14, 1853 (51 O. L., 179), Sections 10447 to 10461, General Code, relating to forcible entry and detainer, is not self-sufficient, providing entire machinery for trying cases of such character, but provisions of other chapters on matters not covered by such chapter apply to forcible entry cases.

2. Section 10378, General Code, is to be read in connection with Section 10458, so that judgments of justices of the peace in actions in forcible detention are required to be entered by the fourth day after trial.

(Decided July 19, 1927.)

ERROR: Court of Appeals for Athens county.

*Mr. Emmett Keenan,* for plaintiff in error.
*Mr. M. D. Hughes,* for defendants in error.

MAUCK, J. The plaintiff, Robinson, brought his action in the common pleas, wherein he pleaded that the defendant, Louisa J. Riley, was threatening to enforce a writ of restitution issued by a justice of the peace in an action in forcible detention on a pretended judgment entered by said justice of the peace. He alleges that the judgment on which said suit of restitution was predicated is no judgment, for the reason that more than four days had elapsed after the taking of evidence and argument of counsel before the pretended judgment was

entered upon the docket, and that by that fact the justice of the peace had lost jurisdiction of the case, and was without authority to render judgment at the time it was rendered. He accordingly asked injunction against the service of the writ of restitution. A demurrer was sustained to the petition, and judgment was entered on the demurrer. The plaintiff by petition in error in this court seeks a reversal of that judgment. The only question here is whether the plaintiff by the allegations referred to set forth sufficient facts to entitle him to relief.

The claim of the plaintiff is that, the justice of the peace having failed to enter judgment within four days after the trial of the case, any such judgment thereafter entered was a nullity under the authority of *Dunlap* v. *Robison, Adm'r.,* 12 Ohio St., 530, and *American Railway Express Co.* v. *Armburgy,* 15 Ohio App., 376. This position is sound if Section 10378, General Code, applies to. actions in forcible detention. The position of the defendant is that in cases of the latter character the section referred to has no application; that chapter 13 of the Justices' Code governs actions for forcible detention; and that the only provision therein for the entry of judgment is that found in Section 10458, General Code.

A study of the Justices' Code does not seem to warrant the latter contention. The chapter on forcible entry and detainer is not a self-sufficient chapter providing the entire machinery for trying cases of that character. In 1851 the General Assembly undertook to collect, codify, and elaborate the widely scattered and vague acts theretofore relating to procedure before justices of the peace.

This it did under an act entitled "An act of the jurisdiction and procedure before justices of the peace, and of the duties of constables in civil cases," 51 Ohio Laws 179. This act was divided into fifteen articles. The first defined the jurisdiction of such courts, conferring upon them, among other things, the power to try the action of forcible entry and detainer. The succeeding articles cover process, bills of particulars, place of trial, adjournments, witnesses, trial, and the eighth article relates to judgments, and Section 106 of that article is substantially identical with present Section 10378, General Code. Article 10 of that codified act related to forcible entry and detention, and article 11 to the action of replevin. The differences in the nature of both forcible detention and replevin from the ordinary action for money made it necessary that the Legislature create special procedural provisions for those actions. The Legislature did not, however, undertake to provide for all the procedure necessary for either forcible detention cases or suits in replevin. It only provided such exceptional procedure as the peculiar nature of those actions required. The articles relating to these two classes of actions made no special provision for witnesses or adjournments or new trials, nor for such other things as seemed to be fully provided for in other parts of the Code, and yet it cannot be doubted that the Legislature intended that the pertinent provisions of the other chapters should in these respects apply as well to forcible entry and replevin cases. In *McFann v. Carlton, Exr.,* 17 C. C., (N. S.), 244, 32 C. D., 123, it was accordingly held that, while the chapter on forcible detention contains no provision for new

trials, Section 6560, Revised Statutes (Section 10352, General Code), covering the general practice before justices of the peace, does authorize such new trials, and can therefore be invoked for that purpose. Similarly, it has been held that, while the chapter on forcible detention made no provision for the preparation and allowance of bills of exceptions, another chapter of that Code (Section 6565, Revised Statutes, Section 10359, General Code) was available for that purpose (*State ex rel. v. Bickham*, 4 C. C., 246, 2 C. D., 526).

Our conclusion, therefore, is that all of the provisions of the Justices' Code necessary to make a complete code apply to actions in forcible detention and to actions in replevin, except where the Legislature has made special provision for the latter class of cases, or where such provisions are necessarily inoperative. No reason appears to us why the provisions of Section 10378, General Code, should not be as applicable to cases in forcible detention as to actions for money. It would seem that there was stronger reason for a limitation upon the time intervening between trial and judgment in forcible detention cases than in cases for money.

We consequently conclude that the judgment in this case, having been rendered in violation of the section referred to, is a nullity, and that the petition in this case stated a good cause of action.

The judgment of the common pleas court is therefore reversed and the cause remanded for further proceedings.

*Judgment reversed.*

MIDDLETON, J., concurs.

SAYRE, P. J., not participating.